IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DALE CORPORATION | : | CIVIL ACTION |
| --- | --- | --- |
| | : | NO. 09-1115 |
| v. | : | |
| | : | |
| CUMBERLAND MUTUAL FIRE INSURANCE COMPANY | : | |

# ORDER

AND NOW, this 30th day of June 2010, after consideration of plaintiff's and defendant's motions for summary judgment and the respective responses, replies and sur-replies thereto, it is hereby ORDERED in accordance with the accompanying memorandum that:

Dale's motion for summary judgment on the following declarations is GRANTED IN PART and DENIED IN PART as follows:

1. As a matter of law, Dale is an "additional insured" under Cumberland's policy. Dale's unopposed motion is GRANTED and it is hereby declared that plaintiff, Dale Corporation, is an "additional insured" under the policy of insurance issued by defendant, Cumberland Mutual Insurance Company, to Named Insured, Nesmith & Company, under Policy No. S203822-02, for the policy period of May 1, 2005 to May 1, 2006, with limits of $1 million each occurrence and a $2 million general aggregate limit.

2. As a matter of law, Dale's settlement in the underlying litigation was reasonable. Dale's motion is DENIED.

3. As a matter of law, Cumberland had a duty to defend Dale in the underlying litigation. Dale's motion is GRANTED IN PART in so far as Cumberland had a duty to defend Dale and DENIED IN PART as the parties will need to provide

further briefing to determine at what point in the underlying litigation Cumberland's duty arose. Briefs are due within 14 days from the date of this Order.

4. As a matter of law, Cumberland had a duty to indemnify Dale in the underlying litigation. Dale's motion is DENIED.

5. As a matter of law, Dale is entitled to be reimbursed for settlement costs and defense costs incurred by or on behalf of Dale in the underlying litigation. Dale's motion is GRANTED IN PART in so far as Dale is entitled to be reimbursed for defense costs incurred by or on behalf of Dale but, as noted supra, it is undetermined when the duty arose to defend, and DENIED IN PART with respect to reimbursement for all other costs.

It is further ORDERED that Cumberland's motion for summary judgment is GRANTED IN PART and DENIED IN PART as follows:

1. Cumberland's motion seeking judgment as a matter of law with respect to its duty to defend is DENIED.

2. Cumberland's motion seeking judgment as a matter of law with respect to its duty to indemnify is GRANTED and it is hereby Ordered and Declared that Cumberland does not have a duty to indemnify plaintiff on the grounds alleged in the complaint.

/s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.